UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JARED SIMON,

    Plaintiff,

v.

CAPITAL MANAGEMENT SERVICES, L.P.,

    Defendant.
_____/

## COMPLAINT AND JURY DEMAND

1. Plaintiff alleges violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. §1692, et seq. ("*FDCPA*"), and the *Florida Consumer Collection Practices Act* ("*FCCPA*"), *Section 559.55 et. seq.*, *Florida Statutes*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*. Additionally, *28 U.S.C. §1367* grants this Court supplemental jurisdiction over the state claims contained herein.

3. Venue in this District is proper because Defendant conducts business in this District.

## PARTIES

4. Plaintiff, Jared Simon ("Plaintiff"), is a natural person and a resident of the State of Florida, residing in Palm Beach County, Florida.

5. Defendant, Capital Management Services, L.P. ("Capital Management"), is a Delaware registered limited partnership engaged in the business of collecting consumer debts, which operates from offices located at 698 ½ S. Ogden Street, Buffalo, New York 14206.

6. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts.

7. Defendant regularly collects or attempts to collect consumer debts for other parties. Defendant is a "debt collector" as defined in the *FDCPA*.

8. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt incurred by Plaintiff for personal, family, or household purposes.

10. On or about January 3, 2021, Defendant mailed, or caused to be mailed, a written communication to Plaintiff's bankruptcy counsel seeking to collect from Plaintiff an alleged consumer debt due to Defendant's client, Discover Bank ("Discover"), in the amount of $7,594.22 (the "Demand Letter" which is attached hereto as "Exhibit 1").

11. The Demand Letter was relayed to Plaintiff from his bankruptcy counsel. The Demand Letter caused Plaintiff concern, distress, and anxiety as Defendant Capital Management was seeking to collect this presumably discharged debt and seeking to hold him personally responsible. The Demand Letter caused Plaintiff to have to expend valuable time and effort in Plaintiff's attempt to respond to Defendant's false allegations.

12. On December 31, 2019, Plaintiff filed a skeleton voluntary Chapter 13 Bankruptcy Petition. Plaintiff listed Discover Financial as a creditor. The Bankruptcy Petition is attached hereto as "Exhibit 2".

13. On January 14, 2020. Plaintiff filed his Schedules to the Petition. Plaintiff listed Discover Financial as a creditor on page 13. The Schedules are attached hereto as "Exhibit 3." Discover

Bank filed a Proof of Claim in Plaintiff's bankruptcy on January 9, 2020 in the amount of $7,048.22. The Proof of Claim is attached hereto as "Exhibit 4."

14. On January 17, 2020, Discover Bank was notified by the Bankruptcy Court that Plaintiff filed a Chapter 13 Petition and that it could not attempt to collect upon Plaintiff's debt pursuant to the Automatic Stay, *11 U.S.C. §362*. The Certificate of Service is attached hereto as "Exhibit 5".

15. Plaintiff's First Amended Chapter 13 Bankruptcy Plan was filed by Plaintiff on January 15, 2020, (see "Exhibit 6" attached) and confirmed by the Bankruptcy Court on April 27, 2020, (see "Exhibit 7" attached).  Discover Bank was notified by the Bankruptcy Court of the confirmation of the Plan on April 29, 2020.  See Certificate of Service attached hereto as "Exhibit 8."

16. On December 22, 2020, Plaintiff received an Order of Discharge in the United States Bankruptcy Court for the Southern District of Florida. The Discharge is attached hereto as "Exhibit 9".

17. Discover Bank was notified by the Bankruptcy Court that Plaintiff received a Discharge of his debts on December 24, 2020. The Certificate of Service is attached as "Exhibit 10."

18. Defendant's Demand Letter violates the *FDCPA* and *FCCPA* as it seeks to collect a debt that could not be legally collected upon, namely a debt that has been discharged, in violation of the Order of Discharge.

19. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the *FDCPA* and *FCCPA* would fail as a matter of law.

## COUNT I
### VIOLATION OF *15 U.S.C. §1692e(5)*

20. Plaintiff re-alleges and incorporates Paragraphs 1 through 19.

21. *15 U.S.C. §1692e(5)* states:

    > A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
    >
    > xxxx
    >
    > (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

22. Plaintiff filed his Chapter 13 bankruptcy on December 31, 2019 and listed Discover, the creditor for whom Defendant sought to collect the debt.

23. Defendant mailed, or caused to be mailed, the Demand Letter to Plaintiff's bankruptcy counsel in an attempt to collect upon an alleged debt that was not owed to Defendant's client, Discover Bank, by Plaintiff. Furthermore, Defendant mailed, or caused to be mailed, the Demand Letter after its principal, Discover Bank, was served with a copy of the Discharge Order, thus knowing that the alleged debt was not valid.

24. Defendant's Demand Letter violates *15 U.S.C. §1692e(5)*, because Defendant cannot legally attempt to collect a debt that has been discharged by the United States Bankruptcy Court.

25. As a result of Defendant's conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to *15 U.S.C. §1692k*.

26. As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## COUNT II
## VIOLATION OF *15 U.S.C. §1692e(2)(A)*

27. Plaintiff re-alleges and incorporates Paragraphs 1 through 19 and 21 through 24.

28. *15 U.S.C. §1692e(5)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (2) The false representation of –
>   (A) the character, amount, or legal status of any debt.

29. Plaintiff did not owe the debt sought to be collected by Defendant in the Demand Letter as it was discharged in the bankruptcy.

30. Defendant, by attempting to collect upon this alleged debt known to be discharged and invalid, violated *15 U.S.C. §1692e(2)(A)*.

31. As a result of Defendant's conduct, Plaintiff is entitled to an award of actual damages and statutory damages pursuant to *15 U.S.C. §1692k*.

32. As a result of Defendant's conduct, Plaintiff is entitled to an award of attorney's fees, costs, and expenses pursuant to *15 U.S.C. §1692k*.

## COUNT III
## VIOLATION OF THE *FLORIDA CONSUMER COLLECTION PRACTICES ACT*

33. Plaintiff re-alleges and incorporates Paragraphs 1 through 19, 21 through 24, and 28 through 30.

34. *Section 559.72(9)*, *Florida* Statutes, states:

> Prohibited practices generally.--In collecting consumer debts, no person shall:
> xxxx

> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

35. Defendant's client was given notice of the filing of the Bankruptcy Petition and the subsequent Discharge of the debt sought to be collected upon prior to the mailing of the Demand Letter to Plaintiff's bankruptcy counsel. Defendant knew of the filing of the Bankruptcy Petition, the imposition of the Automatic Stay, and the subsequent discharge prohibited any attempt to collect upon Plaintiff's debt.

36. Defendant violated *Section 559.72(9)*, *Florida Statutes*, by knowingly attempting to collect a debt that it was prohibited from collecting upon pursuant to the discharge of the debt sought to be collected upon.

37. As a result of Defendant's conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to *Section 559.77*, *Florida Statutes*.

38. As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney's fees pursuant to *Section 559.77*, *Florida Statutes*.

## COUNT IV
## PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF

39. Plaintiff re-alleges and incorporates Paragraphs 1 through 19, 21 through 24, 28 through 30, and 34 through 36.

40. *Section 559.72(9)*, *Florida Statutes*, states:

> Prohibited practices generally.—In collecting consumer debts no person shall:
>
> xxxx
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some

      other legal right when such person knows that the right does not exist.

41. *Section 559.77(2), Florida Statutes*, states, in part:

    Civil Remedies: -

    (2)…The court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part.

42. Plaintiff has received a Discharge in bankruptcy of the debt sought to be collected by Defendant.

43. Defendant has sought to knowingly collect a debt from Plaintiff which it could not legally collect from Plaintiff, as any attempt to collect upon the debt was initially barred by the Automatic Stay, and is now barred by the Discharge Order.

44. As a result of Defendant's conduct, Plaintiff is entitled to an award of injunctive relief pursuant to *Section 559.77(2), Florida Statutes*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor providing for:

    (a) An award of actual damages and statutory damages against Defendant, pursuant to *15 U.S.C. §1692k*;

    (b) An award of actual damages and statutory damages against Defendant pursuant to *Section 559.77, Florida Statutes*;

    (c) An award of attorney's fees, litigation expenses, and costs against Defendant pursuant to *15 U.S.C. §1692k*;

(d) An award of attorney's fees, litigation expenses, and costs against Defendant pursuant to *Section 559.77*, *Florida Statutes*; and

(e) Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated this 22nd day of February 2021.

Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esquire
Florida Bar Number 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@desmondlawfirm.com
*Attorney for Plaintiff*